UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X  Case No. **21-cv-3725**

IKIDA SEARCY,

                             Plaintiff,                            **COMPLAINT**

     - against -

BATTERY PARK CITY AUTHORITY,              **PLAINTIFF DEMANDS A TRIAL BY JURY**

                           Defendants.
----------------------------------------------------------------------X

      IKIDA SEARCY, ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against BATTERY PARK CITY AUTHORITY, ("Defendant") alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action based upon Defendant's violations of Plaintiff's rights guaranteed to her by: (i) the race discrimination provision of the **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the race discrimination provision of **42 U.S.C.** § 1981 ("Section 1981"); (iii) the race discrimination provisions of the **New York State Human Rights Law**, New York Executive Law § 296 *et seq.* ("NYSHRL"); (iv) the race discrimination provisions of the **New York City Human Rights Law**, New York City Administrative Code § 8-107 *et seq.* ("NYCHRL"); and (v) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

3. The Court has supplemental jurisdiction over all state and county law claims pursuant to

28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief, occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated February 9, 2021, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. At all relevant times herein, Plaintiff was and is a "person" and "employee" and entitled to protection as defined by Title VII, the NYSHRL, and the NYCHRL.

9. At all relevant times herein, Defendant is a public benefit corporation formed under the laws of the State of New York and responsible maintaining a commercial, residential, retail and park space on the lower west side of Manhattan.

10. At all relevant times herein, Defendant "employs" fifteen and thus one or more "employees," and is thus an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL

## MATERIAL FACTS

11. On or about March 12, 2020, Defendant hired Plaintiff as a Seasonal Maintenance Technician earning $16.00 per hour.

12. Shortly thereafter, Plaintiff's co-worker, Sakina Graves ("Graves") began to discriminate against Plaintiff on the basis of her skin complexion, referring to her as "high yellow bitch" and "piss colored."

13. In or around March or April 2020, Plaintiff was performing garbage duty with Graves when Graves told Plaintiff, "When I first saw you, I was like here come this light skin bitch, oh God! I can't stand y'all light skin motherfuckers, Y'all are some conceited piss color motherfuckers."

14. Despite feeling offended by Graves' sudden attack, Plaintiff attempted to resolve the situation by saying, "You can't stereotype everyone. What is wrong with thinking you're good looking. It wouldn't matter to me what color I am. I am still gonna feel beautiful."

15. However, Graves insisted that her discriminatory viewpoint was correct and, in an effort to support her reprehensible position, told Plaintiff, "I know my daughter is light skin, and I can't stand that bitch."

16. In or around May 2020, Plaintiff was walking past Graves in the locker room as she was ending her shift when Graves brandished a knife that she pulled out of what appeared to be a long-tailed comb. Graves began to toy around with the knife in an intimidating manner as she spoke out loud in the locker room in which Plaintiff and another employee were present. Specifically, Graves blurted out, "I'm a crazy bitch, I am always with the bullshit."

17. Immediately, Plaintiff quickly walked out of the locker room terrified as she knew Graves did not like her.

18. Plaintiff did not know who she could confide in to report Graves' behavior, as other supervisors and staff members had warned Plaintiff to not to trust anyone.

19. Moreover, Plaintiff was reluctant to confide in her manager, Ken Singh ("Singh"), with her

concerns. Plaintiff previously informed Singh, in confidence, that she needed to take time off to care for her grandchildren because her daughter contracted COVID-19. However, when she returned to work the entire staff knew of her daughter's diagnosis. As a result, Plaintiff was fearful that any complaint she made regarding Graves would be published to the entire staff.

20. Plaintiff was also concerned that any complaint lodged against Graves would lead nowhere. Plaintiff had witnessed Graves act aggressively towards other co-workers and supervisors. Graves even racially insulted patrons of Battery Park, referring to them as "crackers" and "honkies." Upon information and belief, a patron lodged a complaint against Graves because of these comments, but no action was taken by Defendant.

21. Graves has a long history of making discriminatory remarks towards other individuals, including remarks made in full view of managerial, and, upon information and belief, at least one complaint was lodged against Graves by a prior employee of Defendant, which also resulted in no discipline for Graves.

22. In or around July 2020, Graves began to get even more aggressive and regularly walked very closely by Plaintiff in the evident hope that Plaintiff would accidently make physical contact with her, thereby giving Graves an excuse to start a fight.

23. Graves also turned or intimidated the other staff members against Plaintiff, as co-workers who used to be friendly with Plaintiff would no longer speak with her and would cease talking whenever Plaintiff entered a room.

24. In or around late July 2020, Plaintiff fearing for her personal safety in light of Graves' threats, decided to resign.

25. Plaintiff informed her supervisor Shawn (Last Name Unknown) ("Shawn") of her decision

to resign and explained she could no longer handle the daily harassment she faced because of her skin color. In response, Shawn expressed no surprise and knew exactly who Plaintiff was talking about. Shawn was apologetic and informed Plaintiff she was a good employee. He further told Plaintiff that he was sad to see her leave so soon.

26. Under such circumstances, any reasonable person, like Plaintiff, would have felt compelled to resign, and, as a result, Plaintiff's resignation was, in fact, a constructive termination.

27. In or about early August 2020, Plaintiff received a call from Defendant's Office of Equal Employment ("EEO"), who advised Plaintiff that Shawn reported Plaintiff's complaints about Graves to his superiors. During the call, Plaintiff informed the EEO employee everything that occurred with Graves, including her derogatory comments regarding Plaintiff's skin color and her aggressive behavior towards Plaintiff.

28. On August 8, 2020, Plaintiff received a menacing text message from Graves stating, "That EEO shit didn't work" and referred to Plaintiff as a liar along with laughing emojis, indicating that, once again, Defendant had failed to discipline Graves.

29. Following the text message, Plaintiff began to receive calls from a blocked number. When Plaintiff answered one of the calls, she was berated with cursing and screaming, "yeah, bitch you thought you got me, you pissed color bitch!"

30. Plaintiff quickly hung up the phone and ignored subsequent calls from the same number.

31. As a result of Defendant's actions, Plaintiff felt humiliated, degraded, victimized, embarrassed, and suffered severe emotional distress.

32. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future

pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

33. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

34. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against the Defendants.

## FIRST CAUSE OF ACTION
### Race Discrimination in Violation of Title VII

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

36. Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's **race**, color, religion, sex, or national origin[.]

37. As described above, Defendant discriminated against Plaintiff on the basis of her race, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her race.

38. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

39. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
## Race Discrimination in Violation of Section 1981

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. 42 U.S.C. § 1981 states in relevant part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 1981, by discriminating against Plaintiff because of her race (Black).

43. Plaintiff was subjected to negative disparate treatment, discrimination, humiliation, embarrassment, adverse employment actions, and loss of employment due to her race.

## THIRD CAUSE OF ACTION
## Race Discrimination in Violation of the NYSHRL

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. New York State Executive Law §296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, **race**, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

46. As described above, Defendant discriminated against Plaintiff on the basis of her race, in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on her race. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which her is entitled to an award of monetary damages and other relief.

47. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which her is entitled to an award of monetary damages and other relief.

48. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION
## Race Discrimination in Violation of the NYCHRL

49. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

50. The Administrative Code of City of New York § 8-107(1)(a) provides that

> It shall be an unlawful discriminatory practice: for an employer or an employee or agent thereof, because of the actual or perceived age, **race**, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or alienage or citizenship status of any person... to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or

privileges of employment.

51. As described above, Defendant discriminated against Plaintiff on the basis of her race in violation of the NYCHRL by, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

52. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

53. Defendant's unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages

## **JURY DEMAND**

51. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, Section 1981, NYSHRL, and NYCHRL in that Defendant discriminated against

Plaintiff on the basis of her race.

B. Restraining Defendant from any retaliation against Plaintiff for participating in any form in this litigation;

C. Declaring preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

D. Awarding damages to Plaintiff for all damages resulting from Defendant's unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

F. Awarding Plaintiff punitive damages;

G. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
April 27, 2021

                          **PHILLIPS & ASSOCIATES,**
                          **ATTORNEYS AT LAW, PLLC**

       By:    _/s/ Marjorie Mesidor_____
                Marjorie Mesidor, Esq.
                Joseph Myers, Esq.
                *Attorneys for Plaintiff*
                45 Broadway, Suite 620
                New York, New York 10006

T: (212) 248-7431
F: (212) 901-2107
mmesidor@tpglaws.com
jmyers@tpglaws.com